IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Malibu Media, LLC,

        Plaintiff,

  v.

Niraj Patel,

        Defendant.

Case No: 2:14-cv-559

Judge Graham

Magistrate Judge Kemp

## Opinion and Order

      This copyright infringement action is before the court on plaintiff Malibu Media, LLC's motion to strike certain affirmative defenses asserted by defendant Niraj Patel. For the reasons that follow, the motion to strike is granted.

      According to the complaint, Malibu Media is a limited liability company organized under the laws of California. Plaintiff alleges that it owns the copyrights to certain enumerated video works. The complaint alleges that, without plaintiff's authorization, a unique Internet Protocol address belonging to defendant downloaded, copied and distributed numerous works owned by plaintiff. Defendant allegedly used a file distribution network known as BitTorrent to accomplish the unauthorized acts. The complaint asserts claims for copyright infringement under 17 U.S.C. §§ 106 and 501 and seeks statutory damages.

      Defendant's answer asserts sixteen affirmative defenses. At issue in the motion to strike are the eighth and ninth affirmative defenses, which allege that the complaint should be dismissed for failing to join an indispensable party and for dismissing an indispensable John Doe party, and the tenth and eleventh affirmative defenses, which allege that statutory damages must be either barred or set-off by amounts plaintiff has recovered for each copyrighted work in other suits plaintiff has filed.

**I.**    **Standard of Review**

      A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" United States v. Pretty

1

Prod., Inc., 780 F.Supp. 1488, 1498 (S.D. Ohio 1991) (quoting United States v. Marisol, Inc., 725 F.Supp. 833, 836 (M.D. Pa. 1989)). Nonetheless, a Rule 12(f) motion is a mechanism that "should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953); see also Pretty Prod., 780 F.Supp. at 1498 ("[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits.").

## II. Discussion

### A. Failure to Join Indispensable Parties

Defendant argues that it is possible that there are individuals who had access to his computer and committed or contributed to the alleged acts of infringement. Defendant contends, without any supporting argument, that such individuals would be indispensable parties. But as plaintiff argues, a claim of copyright infringement is in the nature of a tort, see Turton v. U.S., 212 F.2d 354, 355 (6th Cir. 1954) ("[A]n action for damages by reason of infringement of a copyright is likewise one sounding in tort."); Bucklew v. Hawkins, Ash, Baptie & Co., LLP, 329 F.3d 923, 931 (7th Cir. 2003) ("Copyright infringement . . . is an intentional tort."), and the possibility of related third-party liability – either by way of joint liability, contribution or vicarious liability – does not require the joinder of those parties to a single suit. See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); PaineWebber, Inc. v. Cohen, 276 F.3d 197, 204 (6th Cir. 2001) ("[A] person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party."); Interscope Records v. Duty, No. 05CV3744, 2006 WL 988086, at *2 (D. Ariz. Apr. 14, 2006) (holding in a copyright action that a possible claim against a third party for contribution did not make the third party necessary); Axiom Worldwide, Inc. v. Becerra, No. 8:08-cv-1918, 2009 WL 1347398, at *4 (M.D. Fla. May 13, 2009) (finding in a suit under the Lanham Act that the possibility of vicarious liability did not make a nonparty necessary).

Accordingly, plaintiff's motion to strike is well taken as it relates to defendant's eighth and ninth affirmative defenses. Accord Joe Hand Promotions, Inc. v. Havens, No. 2:13-cv-93, 2013 WL 3876176, at *3 (S.D. Ohio July 26, 2013) (in an action under the Communications Act of 1934 for unauthorized television broadcast, granting motion to strike affirmative defense of failure to join an

indispensable party because the "fact that a defendant points to the liability of another person does not render that other person indispensable to the litigation").

###    B.    Limit on Damages

Defendant argues that plaintiff's damages in this action potentially must be barred or limited because plaintiff has conducted a nationwide litigation campaign against alleged infringers of its works. Defendant contends that plaintiff's total recoveries nationwide for the works at issue in this case possibly exceed the available maximum statutory damages.

The defenses based on this theory are legally insufficient. Under 17 U.S.C. § 504, the maximum amount of statutory damages is determined on a per-work, per-case basis:

> . . . the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved *in the action*, with respect to *any one work*, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1) (emphasis added). In other words, plaintiff's other recoveries do not preclude or limit an award here. See also Malibu Media, LLC v. Batz, No. 12-cv-1953, 2013 WL 2120412, at *2 (D. Colo. Apr. 5, 2013) ("Mr. Batz's argument that Plaintiff's alleged settlements with other defendants precludes recovery of statutory damages severely misreads the statute.").

To the extent defendant contends that plaintiff's other recoveries, short of being an automatic bar, should factor into any future calculation of damages in this case, defendant's argument is not an affirmative defense. An affirmative defense "is any matter that serves to excuse the defendant's conduct or otherwise avoid the plaintiff's claim, but which is proven by facts extrinsic to the plaintiff's claim."  61A Am. Jur.2d Pleading § 300; see also Wright & Miller, 5 Fed. Prac. and Proc. § 1270 (3d ed.) (referring to an affirmative defense as one which "will defeat the plaintiff's claim"). Defendant's argument is one for reducing damages, not one for defeating plaintiff's infringement claim.

### III.   Conclusion

Accordingly, plaintiff's motion to strike defendant's eighth, ninth, tenth and eleventh affirmative defenses (doc. 12) is granted.

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: May 12, 1015